UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE QUINTANILLA, individually and on behalf of all others similarly situated,

                                Plaintiff,

            -against-

ARANCINI BROS. LLC, DAVE CAMPANIELLO, and
GIULIA DELLA GATTA A/K/A "JULIE" A/K/A "JULIA",

                                Defendants.
------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

       Plaintiff Jose Quintanilla ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Arancini Bros. LLC ("Arancini Bros."), Dave Campaniello ("Campaniello"), and Giulia Della Gatta a/k/a "Julie" a/k/a "Julia" ("Della Gatta")(collectively, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

       1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

       2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

       3.     This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

       4.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

9. Defendant Arancini Bros. is a limited liability company with its principal place of business located at 58-17 Penrod Street, Corona, New York 11368.

10. Arancini Bros. owns a brick and mortar restaurant located at 88 Essex Street, New York, New York 10002 (the "Restaurant").

11. Defendants Campaniello and Della Gatta are individuals residing, upon information and belief, in the state of New York.

12. At all relevant times, Campaniello and Della Gatta were, and still are, officers, directors, shareholders, and/or persons in control of Arancini Bros., who exercise significant control over Arancini Bros.' operations and have the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

13. Upon information and belief, at all relevant times, Arancini Bros. had common owners, officers, and directors, and were controlled by Campaniello and Della Gatta.

14. The New York Department of State Division of Corporations identifies Defendant Della Gatta as Arancini Bros.'s registered agent.

15. Arancini Bros.'s website identifies Defendants Campaniello and Della Gatta as its founders.

16. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising his performance.

17. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

18. At all relevant times, Defendants were responsible for compensating Plaintiff.

19. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

20. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

21. Defendants operate in interstate commerce.

22. Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

23. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

24. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date six (6) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

25. The FLSA Collective Plaintiffs consist of no less than ten (10) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

26. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime wages for all time worked in excess of forty (40) hours per week.

27. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

28. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

29. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

30. Plaintiff worked for Defendants as a janitor at the Restaurant from in or around 2013 until in or around March 2020.

31. As a janitor, Plaintiff's primary job duties included, *inter alia*, cleaning the machines that were used to prepare food, washing pots and pans used to prepare food, loading food

4

and other materials into vans that were used to deliver food for large scale jobs, cleaning the kitchen, and performing any other cleaning and maintenance tasks as needed.

32. Throughout his employment with Defendants, Plaintiff regularly worked six (6) days per week, as follows: Mondays through Thursdays and Saturdays from approximately 10:00 a.m. until 8:00 p.m.; and Fridays from approximately 10:00 a.m. until approximately 10:00 p.m. or 11:00 p.m., with a daily thirty (30) minute meal break, for an average of approximately fifty-nine and a half (59.5) hours per week.

33. Throughout his employment, Defendants compensated Plaintiff with a fixed salary of $500.00 per week, regardless of the number of hours worked per week.

34. Throughout Plaintiff's employment, Defendants compensated Plaintiff every two weeks.

35. Throughout Plaintiff's employment with Defendants, Defendants did not track or otherwise record the hours Plaintiff actually worked except from in or around June 2017 until in or around June 2018, when Defendants required Plaintiff to fill out timesheets with his hours worked.

36. While employed with Defendants, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees pursuant to the FLSA.

37. Although Plaintiff and the FLSA Collective Plaintiffs regularly worked more than forty (40) hours per week during their employment with Defendants, Defendants failed to compensate Plaintiff and the FLSA Collective Plaintiffs with overtime compensation of one and one-half (1.5) times their regular hourly rate of pay or the applicable minimum wage, whichever is greater, for the hours they worked over forty (40) per week.

38. While employed with Defendants, Plaintiff was a non-exempt employee under the NYLL, and was entitled to New York State minimum wages, spread of hours pay, and overtime compensation.

39. However, throughout his employment, Plaintiff was not paid at least the applicable New York State minimum wage rate for all hours worked.

40. Plaintiff also frequently worked shifts that spanned more than ten (10) hours per day, but was not paid spread of hours pay of one (1) additional hour's pay at the full minimum wage rate for every day in which his shift exceeded ten (10) hours ("spread of hours pay").

41. Defendants further failed to timely pay Plaintiff's wages on a weekly basis as required by the NYLL.

42. In addition, Defendants failed to furnish to Plaintiff, at the time he was hired or at any time thereafter, a notice containing his rates of pay, the designated payday, or other information required by NYLL § 195(1).

43. Finally, Plaintiff did not receive from Defendants, with each wage payment, statements listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

44. Defendants violated federal and state law by willfully failing to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation; by failing to pay Plaintiff the applicable minimum and spread of hours wages owed to him; by failing to timely pay the Plaintiff's wages on a weekly basis; and by failing to provide Plaintiff with statutory payroll notices and wage statements required by NYLL.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations Under the FLSA)*

45.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

46.     Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

47.     Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

48.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours per week.

49.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

50.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of the total wages due to them ("liquidated damages").

51.     Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Overtime Violations Under the NYLL)*

52.     Plaintiff repeats and realleges all prior allegations set forth above.

53.     Pursuant to the applicable provision of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

54.     Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

55.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

56.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

57.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

58.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## **AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Minimum Wage Violations under the NYLL)*

59. Plaintiff repeats and realleges all prior allegations set forth above.

60. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

61. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wages for the hours he worked.

62. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

63. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

64. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## **AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Spread of Hours Violations Under the NYLL)*

65. Plaintiff repeats and realleges all prior allegations set forth above.

66. Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

67. Defendants willfully failed to pay Plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spanned more than ten (10) hours.

68. By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

69. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of his unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Provide Payroll Notices Under the NYLL)*

70. Plaintiff repeats and realleges all prior allegations set forth above.

71. Defendants failed to furnish to Plaintiff, at his time of hire or at any time thereafter, notices containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; his regular pay day designated by the employer; and other information required by NYLL § 195(1).

72. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

73. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Wage Statements Under the NYLL)*

74. Plaintiff repeats and realleges all prior allegations set forth above.

75. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular and overtime rates of pay and basis thereof; the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

76. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

77. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Timely Pay Wages under the NYLL)*

78. Plaintiff repeats and realleges all prior allegations set forth above.

79. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) days after the end of the week in which the wages were earned.

80. During the relevant time period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the NYLL.

81. During the relevant time period, Defendants failed to timely pay Plaintiff all his earned wages on a weekly basis and not later than seven (7) calendar weeks after the end of the week in which the wages were earned.

82. Throughout the relevant time period, Defendants failed to pay Plaintiff all wages earned by Plaintiff, including minimum wages, overtime wages, and spread of hours wages.

83. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191 (1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

84. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all spread of hours wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for all wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

h) Interest;

i) Costs and disbursements; and

j) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 18, 2022

*/s/ Eliseo Cabrera*
Eliseo Cabrera
Katz Melinger PLLC
370 Lexington Ave, Suite 1512,
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
edcabrera@katzmelinger.com
*Attorneys for Plaintiff*