EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
JOSE QUINTANILLA, individually and on behalf of all others
similarly situated,

                                                Plaintiff,

CIVIL ACTION
NO. 1:22-cv-1410-LGS

                  -against-

ARANCINI BROS. LLC, DAVE CAMPANIELLO, GIULIA
DELLA GATTA A/K/A "JULIE" A/K/A "JULIA", and
KARIMA ZIZOUNE,

                                       Defendants.
-------------------------------------------------------------------------------x

<u>NEGOTIATED SETTLEMENT AGREEMENT</u>

        WHEREAS, Plaintiff JOSE QUINTANILLA ("Plaintiff"), and ARANCINI BROS. LLC, ("Arancini"), DAVE CAMPANIELLO ("Campaniello"), GIULIA DELLA GATTA A/K/A "JULIE" A/K/A "JULIA" ("Della Gatta"), and KARIMA ZIZOUNE ("Zizoune") (collectively, "Defendants"), desire to resolve settle and agree to dismiss with prejudice any and all claims which Plaintiff has made against Defendants jointly and severally in or by his First Amended Complaint ("FAC") in the above-captioned action pending in U.S. District Court for the Southern District of New York, Civil Action Case No. 1:22-cv-1410-LGS (the "Lawsuit"), without further litigation or adjudication;

        WHEREAS, Plaintiff and Defendants understand and agree that each of the Defendants admit to no liability or wrongdoing whatsoever by virtue of settling their respective disputes with Plaintiff and each of Defendants have denied each and every allegation of liability and/or wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings in the instant Lawsuit and any other matter or thing whatsoever;

        WHEREAS, a dispute exists as to Plaintiff's claims for the relevant years on or about 2016 to 2020 under Fair Labor Standards Act ("FLSA") for alleged unpaid minimum wages and overtime wages; under New York Labor Law ("NYLL") for alleged unpaid minimum wages and overtime wages, spread of hours pay, penalties for alleged failure to provide proper wage

notices and statements, and alleged delayed wage payments; and under both statutes for liquidated damages, attorneys fees, interest, and costs;

WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this negotiated settlement agreement ("Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of civil liability, guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Plaintiff's alleged employer's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the instant Lawsuit shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice that shall be executed by respective counsel for Plaintiff and Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

1. <u>Definition of Parties</u>.

"Releasor" shall be defined to include Plaintiff and any present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel, in their respective capacities as such; and, "Releasees" shall be defined to include each of Defendants herein and their respective heirs, representatives, agents, partners, current and former employees, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel and any and all other affiliates of any such entity, and any and all otherwise related persons or entities, in their respective capacities as such who Plaintiff claims or may claim employed him within the meaning of the FLSA or the NYLL at any time during his employment with Defendants.

2. <u>Plaintiff's Commitments</u>. In exchange for the promises set forth in paragraph "3" below, Plaintiff agrees as follows:

(a) Plaintiff will execute this Agreement, and he authorizes his attorneys to execute the Stipulation and Order Of Dismissal With Prejudice as to Defendant Zizoune attached hereto as **Exhibit A**; the Stipulation and Order Of Dismissal With Prejudice as to Defendants Arancini and Della Gatta ("Arancini Defendants") attached hereto as **Exhibit B**; and the

Stipulation and Order Of Dismissal With Prejudice as to Defendant Campaniello attached hereto as **Exhibit C**.

   (b) After consultation with counsel, Plaintiff knowingly and voluntarily releases and forever discharges each and every of all Defendants and all other Releasees of and from any and all claims of any kind whatsoever arising under the FLSA or the NYLL, or any other right to wages, known or unknown, that he has or may have based upon any conduct occurring up to and including the date Plaintiff executes this Agreement;

   (c) Plaintiff understands and agrees that the Settlement Amounts (described in Paragraph "3" below) are in full satisfaction of any and all obligations of each of Defendants or Releasees may have with respect to each of Plaintiff's claimsfor including but not limited to: alleged unpaid wages, unpaid minimum wages, unpaid overtime wages, unpaid spread of hours pay, unpaid tipped wages,  failure to provide any wage and hour statements, liquidated damages, interest and attorneys' fees and costs under the wage and hour provisions of the NYLL, the FLSA, and/or any other applicable wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiff executes this Agreement (collectively referred to as "Wage Claims");

   (d) Releasor releases, waives, acquits and forever discharges Releasees individually, jointly and severally, their respective heirs, partners, predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, shareholders, employees, representatives, and attorneys, in their respective capacities as such ("Released Parties"), from the beginning of time to the fully executed date of this Agreement, from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which Plaintiffs may have or claim to have against any of the Released Parties regarding any state, local and/or federal law matter in connection with his pay, his rate(s) of pay, overtime pay, minimum wage violations, spread of hours, Wage Theft Prevention Act violations, recordkeeping violations, and any other claims or allegations made in the Action, as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Action.

3.    <u>Defendants' Commitments</u>.  In exchange for the promises made herein by Plaintiff contained in Paragraph "2" above, and in all other provisions of this Agreement, each of Defendants separately and individually agree as follows:

(a)    Arancini Defendants agree to provide to Plaintiff the total settlement sum of Sixty Thousand Dollars and Zero Cents ($60,000.00) ***inclusive of attorney's fees and costs*** ("Arancini Settlement Amount") in consideration for and in full satisfaction of all wage and hour related claims Plaintiff had or may have against Defendants or any other Releasee, whether known or unknown from the beginning of time, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement.

(b) Defendant Zizoune agrees to provide to Plaintiff the total settlement sum of Seven Thousand Five Hundred Dollars and Zero Cents  ($7,500.00) ***inclusive of attorney's fees and costs*** ("Zizoune Settlement Amount") in consideration for and in full satisfaction of all wage and hour related claims Plaintiff had or may have against Defendant Zizoune or any other Releasee of Defendant Zizoune only, whether known or unknown from the beginning of time, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement.

(c)    **The Arancini Defendants' Settlement Amount**.

(i)    Upon execution of this Agreement, Arancini Defendants shall provide the Arancini Settlement Amount to Arancini Defendants' counsel, who shall hold such Arancini Settlement Amount in escrow in Defendants' counsel's IOLA Trust Account until the Court issues an Order approving the parties' Settlement Agreement and dismissing this matter with prejudice. Within 10 days after court approval of this Agreement or delivery to Defendants' counsel of fully executed IRS forms W4 and W9, as applicable, for Plaintiff and Plaintiff's counsel, whichever is later, Arancini Defendants counsel shall deliver to counsel for Plaintiff the Arancini Settlement Amount, which shall be sent by USPS or other mail service with tracking information to Plaintiff's counsel at Katz Melinger, PLLC. The Arancini Defendants Settlement Payment shall be paid as follows:

1. One check made payable to "Jose Quintanilla" in the amount of Twenty Two Thousand One Hundred Twenty Four Dollars and Thirty

Three Cents ($22,124.33), less applicable taxes and withholdings, which shall be reported by Defendants on an IRS Form W-2 as and for alleged unpaid wages;

2. One check made payable to "Jose Quintanilla" in the amount of Seventeen Thousand One Hundred Twenty Four Dollars and Thirty Three Cents ($17,124.34), as and for alleged liquidated damages and statutory violations under NYLL §§ 195(1) and (3), from which no withholdings shall be taken, and which shall be reported in Box 3 of IRS Form 1099;

3. One check made payable to "Katz Melinger PLLC" in the amount of Twenty Thousand Seven Hundred Fifty One Dollars and Thirty Three Cents ($20,751.33), as and for attorneys' fees in the amount of Nineteen Thousand Six Hundred Twenty Four Dollars and Thirty Three Cents ($19,624.33) and reimbursement for costs and expenses in the amount of One Thousand One Hundred Twenty Seven Dollars and Zero Cents ($1,127.00)[1], which shall be reported on an IRS Form 1099.

(ii)    Plaintiff and his counsel shall each send their respective, properly executed forms W-4 and W-9s, as applicable, with original signatures to Arancini Defendants' counsel The Samuel Law Firm, 1441 Broadway, Suite 6085, New York, NY 10018.

(d) **Defendant Zizoune's Settlement Amount**

(i)    Upon execution of this Agreement, Defendants shall provide the Zizoune Settlement Amount to Defendants' counsel, who shall hold such Zizoune Settlement Amount certified checks in escrow i until the Court issues an Order approving the parties' Settlement Agreement and dismissing this matter with prejudice. Within 10 days after court approval of this Agreement, or delivery to Defendants' counsel of fully executed IRS forms W9, for Plaintiff and Plaintiff's counsel, whichever is later, Zizoune's counsel shall deliver to counsel for Plaintiff the

---

[1] Plaintiff's costs and expenses are as follows: $402.00 for the initial filing fee; and $725.00 in process server fees.

Zizoune Settlement Amount, which shall be sent by USPS or other mail service with tracking information to Plaintiff's counsel, Katz Melinger, PLLC. The Zizoune Settlement Amount shall be paid as follows:

> 1. One check made payable to "Jose Quintanilla" in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) as and for alleged liquidated damages and statutory violations under NYLL §§ 195(1) and (3), from which no withholdings shall be taken, and which shall be reported in Box 3 on IRS Form 1099; and

> 2. One check made payable to "Katz Melinger PLLC" in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), which shall be reported on an IRS Form 1099 as and for attorney fees.

(ii)    Plaintiff and his counsel shall each send their respective, properly executed fW-9 forms with original signatures (e-signatures are not acceptable) to Defendant Zizoune's counsel Nisar Law Group, PC, 60 East 42nd Street, Suite 4600, New York, NY 10165.

(e) **<u>Default</u>**

(i)    Should any one of Defendants independently default in their obligations to make the Settlement Payment as set forth in this Agreement, or should one or more checks be returned for insufficient funds ("Default"), then Plaintiff or his counsel shall notify that defaulting Defendant or Defendants, through his/her/their respective counsel, of the Default in writing ("Notice of Default").  For avoidance of any doubt, a default in payment by any one or more Defendant shall not impact the payment obligations of any other Defendant or Defendants.. The Notice of Default shall be delivered to that defaulting Defendant's counsel by first class mail and email via their counsel The Samuel Law Firm, 1441 Broadway, Suite 6085, New York, NY 10018. Email: Michael@thesamuellawfirm.com for the Arancini Defendants; and/or Nisar Law Group, PC, 60 East 42nd Street, Suite 4600, New York, NY 10165. Email: Sghim@nisarlaw.com for Defendant Zizoune. Any such Notice of Default shall be deemed received three (3) days after it is mailed.

(ii)    Defendants expressly acknowledge and agree that a defaulting Defendant's failure to timely cure the Default within ten (10) days of receipt of the

Notice of Default shall constitute a material breach of this Settlement Agreement ("Breach") by the defaulting Defendant. In the event of a Breach, the relevant Parties agree that Plaintiff may immediately bring suit against the Defendant(s) in breach only, who has committed the Breach of this Settlement Agreement, without further notice, and shall be entitled to recover from the defaulting Defendant(s), in addition to the unpaid portions of the Settlement Payment and statutory interest thereon, all reasonable attorneys' fees and costs incurred by Plaintiff which result from Plaintiff or his counsel's efforts to enforce this Agreement against the breaching defendant only. Such fees and costs shall begin to accrue as of the date that the Notice of Default is delivered to Defendant who breached this agreement.

4.     Non-Admission of Wrongdoing.  Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose whatsoever as an admission of any liability, wrongdoing, or unlawful conduct of any kind by each of Defendants.

5.     Plaintiff's Responsibility for Taxes.  Plaintiff assumes full responsibility for any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid by him under any federal, state, or municipal laws of any kind, with respect to the monies paid by the Defendants to Plaintiff and/or Plaintiff's Counsel pursuant to this Agreement. Although the parties believe, in good faith, that the tax treatment of the Settlement Payments referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff is liable for any failure by Plaintiff or Plaintiff's Counsel to pay federal, state or local income or employment taxes with respect to the Settlement Payments set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiff and Plaintiff's counsel agree to indemnify and to hold Defendants and/or their respective counsel harmless for any such liability, interest, and/or penalties.

6.     Severability. If any portion of this Agreement is deemed unenforceable by a Court of competent jurisdiction or by operation of law, and such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

7.    Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.  A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

8.    Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York.  Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question. Any action or proceeding by either of the parties to enforce this Agreement shall be brought in any court located in New York County, NY. The parties hereby irrevocably submit to the non-exclusive jurisdiction of these courts and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

9.    Advice of Counsel.  Plaintiff Jose Quintanilla acknowledges that he has had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of his choosing.  Plaintiff and Defendants hereby represent that they have consulted their respective attorneys about this Agreement before signing it. The parties further acknowledge that they have read this Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, and that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

10.    Voluntary Agreement.  Plaintiff and Defendants agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

11.    Section Headings. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

12.    No Modification Except In Writing. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

13.    Execution.

(a)    The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants.  Plaintiff fully understands that this Agreement releases, settles, bars, and waives any and all wage and hour claims against Defendants accruing

up to the date of execution. Plaintiff further represents that he is fully satisfied with the advice and counsel provided by his attorneys.

(b)     Upon the complete execution of this Agreement, Plaintiff's counsel and Defendants' counsel shall sign the Stipulation and Order of Dismissal with Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(c)     Plaintiff fully understands the terms of this Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL, KATZ MELINGER PLLC., ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

*BY PLAINTIFF:*

_____

JOSE QUINTANILLA

_____

Date

*FOR DEFENDANTS:*

ARANCINI BROS. LLC

_____     By: _____

KARIMA ZIZOUNE     GIULIA DELLA GATTA, President

_____     _____

Date:     Date:

9

up to the date of execution. Plaintiff further represents that he is fully satisfied with the advice and counsel provided by his attorneys.

        (b)    Upon the complete execution of this Agreement, Plaintiff's counsel and Defendants' counsel shall sign the Stipulation and Order of Dismissal with Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

        (c)    Plaintiff fully understands the terms of this Agreement.

        HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL, KATZ MELINGER PLLC., ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

        IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

*BY PLAINTIFF:*

_____

JOSE QUINTANILLA

_____

Date

*FOR DEFENDANTS:*

                                    ARANCINI BROS. LLC

_____    By: _____

KARIMA ZIZOUNE                        GIULIA DELLA GATTA, President

_____    Nov 18, 2022

Date:                                 Date:

up to the date of execution. Plaintiff further represents that he is fully satisfied with the advice and counsel provided by his attorneys.

        (b)     Upon the complete execution of this Agreement, Plaintiff's counsel and Defendants' counsel shall sign the Stipulation and Order of Dismissal with Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

        (c)     Plaintiff fully understands the terms of this Agreement.

        HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL, KATZ MELINGER PLLC., ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

        IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

*BY PLAINTIFF:*

_____

JOSE QUINTANILLA

_____

Date

*FOR DEFENDANTS:*

_____
KARIMA ZIZOUNE

__11__/__18__/__2022__
Date:

ARANCINI BROS. LLC

By: _____
     GIULIA DELLA GATTA, President

_____
Date:

9

NISAR LAW GROUP, PC

By: _____
    Susan Ghim, Of Counsel
    As Escrow Agent for Karima Zizoune

_____
Date:

GIULIA DELLA GATTA

November 18, 2022
_____
Date:

_____
DAVE CAMPANIELLO

_____
Date:

THE SAMUEL LAW FIRM

By: _____
    Michael Samuel, Esq.
    As Escrow Agent for Arancini
    Defendants

November 21, 2022
_____
Date:

NISAR LAW GROUP, PC

By: _____

    Susan Ghim, Of Counsel
    As Escrow Agent for Karima Zizoune


_____
GIULIA DELLA GATTA


_____

Date:    11/21/2022

_____

Date:




_____
DAVE CAMPANIELLO


_____

Date:


THE SAMUEL LAW FIRM

By:_____

    Michael Samuel, Esq.
    As Escrow Agent for Arancini
    Defendants


_____

Date:

NISAR LAW GROUP, PC

By: _____          _____
    Susan Ghim, Of Counsel                GIULIA DELLA GATTA
    As Escrow Agent for Karima Zizoune


_____              _____
Date:                                 Date:




_____
DAVE CAMPANIELLO

11/18/22
_____
Date:


THE SAMUEL LAW FIRM

By:_____
    Michael Samuel, Esq.
    As Escrow Agent for Arancini
    Defendants


_____
Date:

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
JOSE QUINTANILLA, individually and on behalf of all others
similarly situated,

                                          Plaintiff,                      CIVIL ACTION NO.
                                                                   NO. 1:22-cv-1410-LGS

                        -against-

ARANCINI BROS. LLC, DAVE CAMPANIELLO, GIULIA
DELLA GATTA A/K/A "JULIE" A/K/A "JULIA", and
KARIMA ZIZOUNE,

                                      Defendants.
-----------------------------------------------------------------------------x

<u>STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE</u>

        IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Jose

Quintanilla and Defendant Karima Zizoune, by and through their undersigned attorneys who state

that they have been authorized to enter into this Stipulation, that the Parties have agreed to

amicably resolve any and all claims by Plaintiff against Defendant Zizoune in this action, including

but not limited to claims under the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et</u> <u>seq.</u> and New

York State Labor Law, and have authorized their undersigned counsel to stipulate, consent, and

agree to dismiss the instant action with prejudice by Plaintiff.  The terms of the Parties' Negotiated

Settlement Agreement have been reviewed and approved by the Court.  No attorneys' fees or costs

will be awarded to any party by the Court, except as provided therein.

*Attorneys for Plaintiff Quintanilla*

KATZ MELINGER, PLLC
370 LEXINGTON AVENUE
SUITE 1512
NEW YORK, NY 10017

*Attorneys for Karima Zizoune*

NISAR LAW GROUP, PC
60 EAST 42nd STREET
SUITE 4600
NEW YORK, NY 10165

By: _Eliseo Cabrera_____

By: _Susan Ghim_____
Susan Ghim, Of Counsel

Dated: ___11/21/2022_____

Dated: ___11/21/2022_____

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2022

_____
United States District Judge

13

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
JOSE QUINTANILLA, individually and on behalf of all others
similarly situated,

                                   Plaintiff,

                -against-

ARANCINI BROS. LLC, DAVE CAMPANIELLO, GIULIA
DELLA GATTA A/K/A "JULIE" A/K/A "JULIA", and
KARIMA ZIZOUNE,

                             Defendants.
------------------------------------------------------------------------------x

CIVIL ACTION NO.
NO. 1:22-cv-1410-LGS

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

       IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Jose

Quintanilla and Defendants Arancini Bros. LLC and Giulia Della Gatta (collectively "Arancini

Defendants") by and through their undersigned attorneys who state that they have been authorized

to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims

by Plaintiff against the Arancini Defendants in this action, including but not limited to claims under

the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and New York State Labor Law, and have

authorized their undersigned counsel to stipulate, consent, and agree to dismiss the instant action

with prejudice by Plaintiff.  The terms of the Parties' Negotiated Settlement Agreement have been

reviewed and approved by the Court.  No attorneys' fees or costs will be awarded to any party by

the Court, except as provided therein.

*Attorneys for Plaintiff Quintanilla*

KATZ MELINGER PLLC
370 LEXINGTON AVENUE
SUITE 1512
NEW YORK, NY 10017

By: _Eliseo Cabrera_ _____

Dated: _11/21/2022_ _____

*Attorneys for Arancini Defendants*

THE SAMUEL LAW FIRM
1441 BROADWAY
SUITE 6085
NEW YORK, NY 10018

By: _____

Dated: _November 21, 2022_ _____

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2022

_____
United States District Judge

16

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
JOSE QUINTANILLA, individually and on behalf of all others
similarly situated,

                        Plaintiff,                  CIVIL ACTION NO.
                                                    NO. 1:22-cv-1410-LGS

                -against-

ARANCINI BROS. LLC, DAVE CAMPANIELLO, GIULIA
DELLA GATTA A/K/A "JULIE" A/K/A "JULIA", and
KARIMA ZIZOUNE,

                          Defendants.
-----------------------------------------------------------------------------x

<u>STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE</u>

        IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Jose

Quintanilla and Dave Campaniello by and through their undersigned attorneys who state that they

have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve

any and all claims by Plaintiff against Dave Campaniello in this action, including but not limited

to claims under the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et</u> <u>seq.</u> and New York State Labor

Law, and have authorized their undersigned counsel to stipulate, consent, and agree to dismiss the

instant action with prejudice by Plaintiff.  The terms of the Parties' Negotiated Settlement

Agreement have been reviewed and approved by the Court.  No attorneys' fees or costs will be

awarded to any party by the Court, except as provided therein.

*Attorneys for Plaintiff  Quintanilla*

KATZ MELINGER PLLC
370 LEXINGTON AVENUE
SUITE 1512
NEW YORK, NY 10017

By: _____*Eliseo Cabrera*_____

Dated: ____11/21/2022____

*Attorneys for* Dave Campaniello

THE SAMUEL LAW FIRM
1441 BROADWAY
SUITE 6085
NEW YORK, NY 10018

By: _____

Dated: ____November 21, 2022____


The Court hereby approves the settlement and dismissal of the instant action with prejudice.

SO ORDERED this ___ day of _____, 2022


_____
United States District Judge