UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSE QUINTANILLA,                                           :
                                    Plaintiff,              :
                                                            :       22 Civ. 1410 (LGS)
            -against-                                       :
                                                            :       ORDER
ARANCINI BROS, et al.,                                      :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on November 21, 2022, the parties filed their joint letter and settlement agreement, including contemporaneous time records and a breakdown of Plaintiffs' counsel's fees.  It is hereby

ORDERED that the settlement agreement is APPROVED as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable). After attorney's fees and costs, Plaintiff will receive $44,248.67, which is approximately 18% of the maximum total damages Plaintiff estimates he could recover at trial, and approximately 48% of Plaintiff's total alleged unpaid overtime wages, minimum wages and spread-of-hours wages. Those percentages are in line with settlements approved in this District that are struck early in litigation, when plaintiffs' chances of recovering anything at trial are uncertain at best. *See, e.g., Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (collecting cases).  The settlement is the product of arms-length negotiations by experienced counsel -- facilitated by the Court's mediation program -- and there is no indication of fraud or

collusion. *Id.* (citing *Wolinsky*, 900 F. Supp. 2d at 335). The proposed settlement agreement is fair and reasonable because it does not release claims with "no relationship whatsoever to wage-and-hour issues." *Santos*, 2021 WL 431451, at *2 (internal quotation marks omitted). It is further

**ORDERED** that Plaintiffs' counsel's request for $23,251.33, exclusive of costs, is **GRANTED**. This amount is substantially less than the lodestar calculation and approximately one-third of the settlement. Plaintiffs' counsel's hourly rates used to calculate the lodestar are on the high end of those approved by Courts in this circuit for counsel of similar experience in similar cases, but the requested fee would be less than the lodestar even if Plaintiffs' rates were substantially lower. The Court finds this amount to be fair and reasonable in light of the quality of counsel, the risks of litigation and the litigation's magnitude and complexity. *See Hui Luo v. L & S Acupuncture, P.C.*, 649 F. App'x 1, 2 (2d Cir. 2016) (summary order) (stating that the lodestar is the presumptively reasonable fee, particularly in fee shifting cases, such as those under FLSA, where the financial recovery is likely to be small); *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013) (acknowledging precedent that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee."); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011). The remainder of the settlement shall be distributed to Plaintiffs.

The Clerk of Court is respectfully directed to close this case.

Dated: November 29, 2022
      New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**